# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CYNTHIA A. CAMPBELL,**
**Claimant Below, Petitioner**

**vs.) No. 12-1063** (BOR Appeal No. 2047096)
             (Claim No. 2011003719)

**OHIO VALLEY MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cynthia A. Campbell, by William C. Gallagher, his/her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ohio Valley Medical Center, Inc., by Toni J. Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 14, 2012, in which the Board affirmed a March 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 21, 2011, and August 22, 2011, decisions closing the claim for temporary total disability benefits and denying Ms. Campbell's request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Campbell was employed as a mental health technician by Ohio Valley Medical Center, Inc. On July 24, 2010, a patient grabbed her left wrist and bent back her right thumb. Ms. Campbell's claim was held compensable for sprain of the right thumb and sprain of the left wrist. Mark Baratz, M.D., an orthopedic surgeon, found Ms. Campbell's right thumb to be recovered by November 15, 2010. On April 18, 2011, Dr. Baratz released Ms. Campbell to return to full employment. The claims administrator closed Ms. Campbell's claim for temporary total disability benefits based on Dr. Baratz's report. On August 22, 2011, the claims administrator denied Ms. Campbell's request for a reopening of the claim for temporary total disability

1

benefits because Dr. Baratz, again released Ms. Campbell to return to full employment on June 27, 2011.

The Office of Judges affirmed the claim administrator's decisions and held that Ms. Campbell had reached maximum medical improvement as of April 18, 2011, and that any further complaints in regards to her right wrist or thumb were due to non-compensable conditions. When Dr. Baratz saw Ms. Campbell in April of 2011, her primary complaint was pain in her right wrist. The Office of Judges noted that on June 2, 2011, Oriente DiTano, M.D, performed an independent medical examination and found found Ms. Campbell's left wrist to be completely recovered. Ms. Campbell's right wrist was never a compensable component in this claim. Ms. Campbell indicated to Dr. Baratz that her right wrist pain was from recently doing a lot of writing, which the Office of Judges determined could also explain her right thumb pain. Dr. Baratz attributed any right thumb pain to her pre-existing degenerative arthritis, that had recently been aggravated. The Office of Judges determined that Dr. Baratz found Ms. Campbell's right wrist pain was unrelated to her compensable injury of July 24, 2010.

The Office of Judges found that none of Ms. Campbell's symptoms could be attributed to the compensable injury. Dr. DiTano recommended no further treatment of Ms. Campbell's left wrist and only steroid injections, cortisone, or Kenalog in the right CMC joint and opined that Ms. Campbell could return to full employment within two months. The Office of Judges noted that Dr. Baratz returned Ms. Campbell to work at full duty in April of 2011 and June of 2011. The Office of Judges held that Ms. Campbell reached maximum medical improvement as of April 18, 2011, and any further complaints in her uninjured right wrist or in her right thumb were due to non-compensable conditions. The Board of Review reached the same reasoned conclusions in its decision of August 14, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II